Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
Yana A. Hart, Esq. (SBN: 306499)
yana@westcoastlitigation.com
**HYDE & SWIGART, APC**
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

[Additional Attorneys for Plaintiff on Signature Page]

*Attorneys for Plaintiff,
Jeff Timosh*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JEFF TIMOSH, individually and on behalf of others similarly situated,**<br><br>Plaintiffs,<br><br>v.<br><br>**THE HAMILTON LAW ASSOCIATION, and PLAZA SERVICES,**<br><br>Defendants. | Case No:<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. **FAIR DEBT COLLECTION PRACTICES ACT, U.S.C. § 1692 ET SEQ.**<br>2. **ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL CIV. CODE §§ 1788-1788.32**<br><br>**JURY TRIAL DEMANDED** |

# INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.

3. Jeff Timosh, ("Plaintiff"), through Plaintiff's attorneys, brings this action to challenge the actions of the Hamilton Law Association ("HLA") and Plaza Services ("Plaza Services") (collectively "Defendants"), with regard to attempts by Defendants to unlawfully and abusively collect on a time-barred debt, allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

2

Complaint for Damages

4. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, which Plaintiff alleges on personal knowledge.

5. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

6. While many violations are described here with specificity, this Complaint alleges violations of the FDCPA and Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 ("RFDCPA" or the "Rosenthal Act") in their entirety.

7. Any violations by Defendants were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such specific violation.

8. All violations alleged regarding the FDCPA and RFDCPA are material violations of the FDCPA and RFDCPA as these violations would limit the ability of a hypothetical least sophisticated debtor to make an intelligent choice as to the alleged debt and actions that should be taken to resolve the alleged debt.

9. Plaintiff, through Plaintiff's attorneys, brings this action to challenge the actions of Defendants, with regard to attempts by Defendants to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

10. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, which Plaintiff alleges on personal knowledge.

11. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

Complaint for Damages

12. Unless otherwise stated, all the conduct engaged in by Defendants took place in California.
13. Through this complaint, Plaintiff does not allege that any state court judgment was entered against Plaintiff in error, and Plaintiff does not seek to reverse or modify any judgment of any state court.

## JURISDICTION AND VENUE

14. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1332, 15 U.S.C. § 1692(k), and 28 U.S.C. § 1367 for supplemental state claims.
15. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. and the California's Rosenthal Act.
16. Because both Defendants do businesses within the State of California, personal jurisdiction is established. In this specific action Defendants jointly abusively and unlawfully attempted to collect on a stale debt by sending collection letters to Plaintiff in San Francisco, and thus, purposefully availed themselves of the privileges of this state.
17. Venue is proper pursuant to 28 U.S.C. § 1391 because the action arises from an unlawful collection letter sent by Defendants to Plaintiff located in San Francisco, California.

## PARTIES

18. Plaintiff is a natural person who resides in the City of San Francisco, State of California.
19. Plaintiff is informed and believes, and thereon alleges, that the HLA is, and at all times mentioned herein was, a private association, with its principal place of business located in Florida.
20. Plaintiff is informed and believes, and thereon alleges, that Plaza Services is, and at all times mentioned herein was, a collection agency, procuring defaulted

4

Complaint for Damages

1. debts belonging to other companies, and collecting on defaulted debts throughout the United States, including the State of California.
21. Plaintiff is a natural person allegedly obligated to pay a debt, and is a consumer, as that term is defined by 15 U.S.C. § 1692a(3).
22. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was alleged to be due and owing, and is a debtor as that term is defined by California Civil Code § 1788.2(h).

### *Defendants are "Debt Collectors" Under the FDCPA and the Rosenthal Act*

23. Defendants are persons, both of whom uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a debt collector as that phrase is defined by 15 U.S.C. § 1692a(6).
24. Specifically here, the alleged time-barred debt was originally owed to U.S. Bank, and once it was allegedly due and owing, it was transferred and/or assigned to Plaza Services for collection.
25. Plaza Services is a collection agency, whose principal purpose of business is to collect debts in attempt to resolve consumers' financial obligations, and defaulted accounts.
26. Plaza Services, thereafter, retained the HLA for representation to collect jointly on the stale debt, in violation of the FDCPA and the Rosenthal Act.
27. The HLA is a law firm, focusing on providing representation primarily in debt collection services including but not limited to creditor's rights collections and litigation services, chapter seven bankruptcy, foreclosure, and offering the FDCPA defense and compliance training. *See* The Hamilton Law Association,

5

Complaint for Damages

*THLA Services,* available at *http://www.myhamiltonlaw.com/services* (last accessed on March 1, 2018).

28. Further, the HLA specifically advised Plaintiff that it was a "debt collector" within its correspondence to Plaintiff on December 18, 2017.

29. Also, Defendants in the ordinary course of business, regularly, on behalf of themselves, or others, engages in debt collection as that term is defined by California Civil Code § 1788.2(b), and is therefore a debt collector as that term is defined by California Civil Code § 1788.2(c).

30. As described above, Plaza Services procures defaulted accounts and debts, and thereafter collects on the defaulted debts that were owed to another entity.

31. With respect to Plaintiff, Plaza Services attempted to collect on a time barred defaulted debt through its authorized legal counsel and a representative, HLA.

32. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a consumer debt and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

## FACTUAL ALLEGATIONS

33. Sometime prior to 2008, Plaintiff is alleged to have incurred certain financial obligations to U.S. Bank for a personal loan.

34. These financial obligations were for personal purposes and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

35. Sometime thereafter, prior to 2008, Plaintiff allegedly fell behind in the payments owed on the debt. As it is irrelevant to this action, Plaintiff currently takes no position as to the validity of this debt.

36. The alleged defaulted stale debt allegedly owed to U.S. Bank was later sold, transferred, or assigned to Plaza Services for collection.

6

Complaint for Damages

37. Thereafter, Plaza Services retained the Hamilton Law Association to collect on this stale debt.
38. Since 2008 no payments nor promises to repay the debt were made on the debt.
39. Prior to 2016, the debt became not only stale, legally unenforceable, but also not reportable to a credit reporting agency.
40. Nevertheless, despite the stale status of the debt and inability to take any collection action with respect to this debt, Defendants, jointly sent Plaintiff a collection letter on December 18, 2017.
41. Defendants' December 18, 2017 letter advised Plaintiff that the HLA is a "debt collector" and made a demand for payment of the stale debt in the amount of $14,006.03.
42. Defendants' letter was a letter in attempt to collect a debt, and was the first written correspondence from Defendants to Plaintiff.
43. Under the FDCPA, 15 U.S.C. § 1692g, a debt collector, within its first communication to the debtor, must provide the debtor with a "mini-Miranda" statements of debtors rights, disclosing correctly the amount of the debt, to whom the debt is owed, and including a statement that "unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed valid."
44. It is incredibly important that the statement does not require consumer to dispute the debt in writing.
45. The § 1692g requirement is one of the most important requirements under the FDCPA, and the debtor's right to dispute the debt must not be overshadowed or inconsistent with other debt collection activities within the statutory thirty (30) day period to avoid confusing the least sophisticated debtors as to the debtor's validation rights.

7

Complaint for Damages

46. The 1692g notice **must be large and prominent enough** to be noticed and easily read. *See Swanson v. Southern Oregon Credit Service,* 869 F.2d 1222 (9th Cir. 1988); *Riveria v. MAB Collections, Inc.* 682 F.Supp. 174, 177 (W.D.N.Y. 1988).

47. Defendants, in their December 18, 2017 collection letter included inconspicuous barely noticeable statement printed in significantly smaller print than the rest of the letter, possibly using font size "6" provided the following incorrect disclosure to Plaintiff:

> Unless you notify us *in writing* within 30 days after receipt of this letter that the validity of this debt or any portion of it is disputed, we will assume that the debt is valid.

48. Defendants' collection letter incorrectly added an additional requirement for Plaintiff to dispute the debt "in writing" which is not required by the federal law, under 15 U.S.C. § 1692g, and as incorporated by Cal. Civ. Code § 1788.17.

49. Further, Defendants' barely readable disclosure of debtors' rights in size 6 was **not** "large enough to be easily read and sufficiently prominent to be noticed" in violation of the 15 U.S.C. § 1692g, and as incorporated by Cal. Civ. Code § 1788.17. *See Swanson,* 869 F.2d 1222.

50. Collection abuses, especially by attorneys or law firms are highly discouraged, and subject attorneys to a higher standard, in order to protect the vulnerable, frightened, and often unsophisticated consumers. *See Pollard v. Law Office of Mandy L. Spaulding,* 766 F.3d 98, 106-07 (1st Cir. 2014) (holding that "[a]n attorney's imprimatur conveys authority," induced a consumer to act more quickly, and "reinforces the perception that it threatens immediate litigation.")

51. HLA here is subject to this higher standard because it sent abusive and misleading correspondence, overshadowing the most important rights of debtors.

52. HLA's abusive collection practices here warrant closer scrutiny because law

Complaint for Damages

| | |
|---|---|
| 1 | firm's contact with a represented party is more abusive and threatening than a |
| 2 | correspondence from a debt-collection agency. |

53. Defendants' correspondence in attempt to collect debt from Plaintiff constituted abusive and harassing means to collect a payment in violation of 15 U.S.C. § 1692d, and Cal. Civ. Code § 1788.17.

54. Defendants' correspondence also constitute unfair and unconscionable means to collect, or attempt to collect, a debt in violation of 15 U.S.C. § 1692f and Cal. Civ. Code § 1788.17.

55. Further, Defendants' collection of a stale debt, which was not only unenforceable, unreportable, and uncollectable, was in violation of 15 U.S.C. § 1692e, 1692e(2)(A), 1692e(2)(B), 1692e(5), 1692e(10), 1692f, and 1692f(1), and Cal. Civ. Code § 1788.17 through incorporation of these sections, and Cal. Civ. Code § 1788.13(e).

56. Since the actions taken by Defendants, and Defendants' above referenced letter sent on or about December 18, 2017, both Defendants are jointly and severally liable for their joint actions, and unlawful collection activities.

57. Plaintiff was personally affected because he was frustrated, distressed, and frightened as a result of the Defendants' abusive and misleading debt collection communication.

*Vicarious Liability Under the FDCPA and the Rosenthal Act*

58. At the time the unlawful actions alleged above took place, HLA was an authorized agent of Plaza Services.

59. Specifically HLA represented Plaza Services as its attorney, and was therefore, authorized to act on behalf and with the authorization of Plaza Services. *See Fox v. Citicorp Credit Serv.,* 15 F.3d 1507 (9th Cir. 1994).

60. Relationship between attorney and the client is a "principal-agent" relationship, as a matter of law.

9

Complaint for Damages

61. At all relevant times referenced herein, the actions taken by HLA were within the scope of the agency relationship and in furtherance of Plaza Services' interests, and therefore, any action taken by HLA is imputed on Plaza Services.

62. HLA's activities were conducted at the direction and control of Plaza Services, and therefore, HLA's actions are imputed on Plaza Services under the common law doctrine of agency, that is, respondeat superior, generally, and under vicarious liability specifically.

63. Consequently, any liability of HLA is also the liability of is also liability of Plaza Services, as HLA was attempting to collect debts for Plaza Services, and acting at the direction and control of Plaza Services.

## CAUSES OF ACTION

## CLASS ACTION ALLEGATIONS

64. Plaintiff brings this action on behalf of himself and on behalf of and all others similarly situated (the "Class").

65. Plaintiff represents, and is a member of the Class, defined as follows:

- All persons with an address in California, who received a letter from Defendants, that is identical or substantially similar to Defendants' December 18, 2017 letter to Plaintiff, at any time one year prior to the date of the filing of this action.

66. Defendant, its employees and agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the Class members number in the tens of thousands, if not more. Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of this matter.

67. There is a well-defined community of interest in the questions of law and fact involved affecting the members of the Class. The questions of law and fact common to the Class predominate over questions affecting only individual class members, and include, but are not limited to, the following:

10

Complaint for Damages

(1) Whether Defendants' letter violated the FDCPA;

(2) Whether Defendants' letter violated the RFDCPA;

(3) Whether members of the Class are entitled to the remedies under the FDCPA;

(4) Whether members of the Class are entitled to the remedies under the RFDCPA;

(5) Whether members of the Class are entitled to declaratory relief pursuant to the FDCPA;

(6) Whether members of the Class are entitled to declaratory relief pursuant to the RFDCPA;

(7) Whether members of the Class are entitled to injunctive relief pursuant to the FDCPA;

(8) Whether members of the Class are entitled to injunctive relief pursuant to the RFDCPA;

(9) Whether members of the Class are entitled to an award of reasonable attorneys' fees and costs of suit pursuant to the FDCPA; and

(10) Whether members of the Class are entitled to an award of reasonable attorneys' fees and costs of suit pursuant to the RFDCPA.

68. As a person that received at least one written communication from Defendants in violation of Federal and State fair debt collection laws, Plaintiff is asserting claims that are typical of the Class.

69. Plaintiff will fairly and adequately protect the interests of the Class.

70. Plaintiff has retained counsel experienced in consumer class action litigation and in handling claims involving unlawful debt collection practices.

71. Plaintiff's claims are typical of the claims of the Class, which all arise from the same operative facts involving unlawful collection practices.

72. A class action is a superior method for the fair and efficient adjudication of this

Complaint for Damages

controversy. Class-wide damages are essential to induce Defendants to comply with California law. The interest of class members in individually controlling the prosecution of separate claims against Defendants is small because the maximum statutory damages in an individual action under the FDCPA and the Rosenthal Act are $2,000 per action. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims, e.g., securities fraud.

73. Defendants acted on grounds generally applicable to the Class, thereby making appropriate final declaratory relief with respect to the Class as a whole.

75. Plaintiff contemplates providing notice to the putative class members by direct mail in the form of a postcard and via Internet website.

76. Plaintiff requests certification of a hybrid class for monetary damages and injunctive relief.

## COUNT I

## FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

## 15 U.S.C. §§ 1692 ET SEQ.

77. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

78. Because Defendants service the accounts of the Class members and were the original creditors, Defendants are considered a "debt collector" for purposes of the FDCPA.

79. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

80. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and,

Complaint for Damages

reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each Defendant.

## COUNT II

## ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (ROSENTHAL ACT)
## CAL. CIV. CODE §§ 1788-1788.32

81. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

82. The RFDCPA, Cal. Civ. Code § 1788 et seq, prohibits unfair and deceptive acts and practices in the collection of consumer debts.

83. Defendants attempted to collect the debt and, as such, engaged in "debt collection" as defined by Cal. Civ. Code § 1788.2(b).

84. Defendants in the regular course of business, engage in debt collection and are "debt collectors" as defined by Cal. Civ. Code § 1788.2(c).

85. The foregoing acts and omissions constitute numerous and multiple violations of the Rosenthal Act, including but not limited to each and every one of the above-cited provisions of the Rosenthal Act, Cal. Civ. Code § 1788-1788.32.

86. As a result of each and every violation of the Rosenthal Act, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from each Defendant.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against both Defendants, and Plaintiff, and each Class Member be awarded damages from each Defendant, as follows:

- That this action be certified as a class action on behalf of the Classes and Plaintiff be appointed as the representative of the Classes; and

Complaint for Damages

- Plaintiff and each Class Member be awarded:

## First Cause of Action
## Violations of the FDCPA

- An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) to each Class Member;
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3); and
- Interest, punitive damages and any other relief the Court deems just and proper.

## Second Cause Of Action
## Violations Of The RFDCPA

- An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b) to each Class Member;
- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c);
- Prejudgment interest; and
- Any and all other relief that this Court deems just and proper.

## Trial By Jury

Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted,

**Hyde & Swigart**

Date: March 21, 2018

By: s/Joshua Swigart
Joshua B. Swigart, Esq.
josh@westcoastlitigation.com
*Attorney for Plaintiff*

Additional Attorney for Plaintiff:

Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
**KAZEROUNI LAW GROUP, APC**
245 Fischer Avenue D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

Ilya Filmus, Esq. (SBN: 251512)
ifilmus@infinitylawca.com
**INFINITY LAW GROUP**
201 Spear Street Suite 1100
San Francisco, CA 94105
Telephone: (415) 426-3580
Facsimile: (415) 426-3581

Complaint for Damages